```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      EASTERN DIVISION
```

LARRY PITTMAN,

       Petitioner,

vs.                                     No. 13-1247-JDB/egb

JERRY LESTER,

       Respondent.

ORDER OF DISMISSAL,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

      On August 28, 2013, Petitioner, Larry Pittman, Tennessee Department of Correction ("TDOC") prison registration number 103695, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a habeas petition under 28 U.S.C. § 2241 and paid the filing fee. (Docket Entry ("D.E.") 1, D.E. 2.) The Clerk shall file the petition and record the respondent as Jerry Lester, Warden of WTSP, but shall not issue any process.

      A Madison County (Tennessee) Circuit Court jury convicted Petitioner of armed robbery in 1984. He was sentenced to life imprisonment. The trial judge found that the offense was especially aggravated and that Petitioner was a Range II offender. On appeal, the Tennessee Court of Criminal Appeals affirmed his conviction and sentence. <u>State of Tenn. v. Pittman</u>, No. 20, 1986 WL 4841 (Tenn. Crim. App. Apr. 23, 1986), *perm. app. denied* (Tenn. July 28, 1986).

Pittman filed a postconviction petition raising claims of ineffective assistance of counsel. The postconviction trial court denied relief and the Tennessee Court of Criminal Appeals affirmed. Pittman v. State of Tenn., No. 21, 1988 WL 49936 (Tenn. Crim. App. May 18, 1988), *perm. app. denied* (Tenn. Aug. 29, 1988).

Petitioner submitted a second postconviction petition challenging the constitutionality of a jury instruction. The trial court denied relief and the Tennessee Court of Criminal Appeals affirmed the dismissal. Pittman v. State of Tenn., No. 02C01-9704-CC-00138, 1998 WL 188855 (Tenn. Crim. App. Apr. 22, 1998).

The inmate then filed a state petition for writ of habeas corpus, alleging that he was entitled to relief under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The trial court summarily dismissed the petition and the Tennessee Court of Criminal Appeals affirmed. Pittman v. State of Tenn., No. W2007-02442-CCA-R3-HC, 2008 WL 2938069 (Tenn. Crim. App. July 30, 2008), *perm. app. denied* (Tenn. Dec. 8, 2008).

On August 28, 2013, Petitioner presented this petition alleging that he was actually innocent of his sentencing enhancement. He contended that he was not an especially aggravated offender. Section 2241 generally authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); *see also* Rittenberry v. Morgan, 468 F.3d 331, 336–37 (6th Cir. 2006). Section 2254 is more specific and confers jurisdiction on district

courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See* Edmund v. United States, 520 U.S. 651, 657, 117 S. Ct. 1573, 1578, 137 L. Ed. 2d 917 (1997); Prieser v. Rodriquez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973).  Section 2254 is the more specific statute governing habeas applications that challenge state-court judgments; therefore, the provisions of that section take precedence over Section 2241.  *See* Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003)(agreeing that allowing a prisoner to file his petition in federal court pursuant to Section 2241 without reliance on Section 2254 would thwart Congressional intent), *cert. denied* 541 U.S. 1042, 142 s. Ct. 2098, 158 L. Ed. 2d 714 (2004); Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 279 n. 4 (2nd Cir. 2003)(same); Coady v. Vaughn, 251 F.3d 480, 484-85 (3rd Cir. 2001)(same).

As a result, regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254.  *See* Byrd v. Bagley, 37 F. App'x 94, 95 (6th Cir. 2002)(citing Coady, 251 F.3d at 484-85 (noting that Congress restricted the availability of second and successive petitions with respect to habeas petitions filed by

state prisoners pursuant to § 2254 by way of § 2244(b), and that allowing a petitioner to file a petition in federal court pursuant to § 2241 without reliance on § 2254 circumvents the procedural restrictions of § 2254)).  In Greene v. Tennessee Department of Corrections, 265 F.3d 369 (6th Cir. 2001), the Sixth Circuit agreed with the following language from the Seventh Circuit:

> [W]hen a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)

Id. at 371 (quoting Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000)), *cert. denied* 534 U.S. 1130, 122 S. Ct. 1068, 151 L. Ed. 2d 971 (2002); *see also* Long v. Commonwealth of Ky., 80 F. App'x 410, 414 (6th Cir. 2003).

Petitioner cannot circumvent the procedural requirements of § 2254 by filing a § 2241 petition.  If § 2254 were not a restriction on § 2241's authority to grant the writ of habeas corpus, then § 2254 would serve no function at all; a state prisoner could avoid § 2254 limitations simply by writing § 2241 on his habeas petition. *See* Wilson v. Wolfenbarger, No. 09-cv-13637, 2009 WL 3464734, at *2 (E.D. Mich. Oct. 23, 2009)(citing Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004)); *see also* Perez v. Davis, No. 05-CV-74586-DT, 2006 WL 1722212, at *1 (E.D. Mich. June 20, 2006)(stating that if a court were to permit petitioner to use 28 U.S.C. § 2241 to

challenge his state court convictions, he would not be subject to: (1) the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1); (2) the deferential review accorded to state-court decisions under 28 U.S.C. § 2254(d)(1) and (2); (3) the limitations on successive petitions, contained in 28 U.S.C. § 2244(b)(2); and (4) state-court exhaustion requirements).

In the present case, Pittman is challenging his 1984 state-court conviction and sentence from Madison County Circuit Court. He should have brought his action under 28 U.S.C. § 2254. To remedy the situation, courts have either (1) dismissed the § 2241 petition without prejudice or (2) given notice to the petitioner of the court's intention to convert the petition into one brought under § 2254 and provided the petitioner with the option of withdrawing the petition. *See* Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004)(finding court should have dismissed petitioner's § 2241 petition without prejudice to allow him to raise his potential civil rights claims properly as a § 1983 action rather than recharacterize as a § 2254 petition). Rather than recharacterizing the petition as brought under § 2254, the Court will dismiss the petition without prejudice to avoid any adverse consequences with respect to any § 2254 claim Petitioner may file in the future.

The Court notes that Petitioner should be cognizant of the statute of limitations for filing a petition for writ of habeas corpus brought under 28 U.S.C. § 2254. The petition is subject to

the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Accordingly, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The petition for writ of habeas corpus is DENIED and DISMISSED WITHOUT PREJUDICE pursuant to Rule 4 because it should have been brought under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241.

The Court must also decide whether the inmate is entitled to a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c)(1)(A), "an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner obtains a certificate of appealability. Pursuant to § 2253(c)(2), a court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Although "this obviously does not require that the Petitioner show that he should prevail on the merits," the petitioner must nonetheless "demonstrate that the issues are debatable among jurists of reason; that a Court could resolve the issues in a different manner; or that the questions are adequate to deserve

encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 890, 893, 103 S. Ct. 3383, 3395, 77 L. Ed. 2d 1090 (1983). See also Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1069-73 (6th Cir. 1997)(holding that district courts should apply the standards set forth in Barefoot when determining whether to issue a certificate of appealability).

In this case, Petitioner cannot present on appeal a question of some substance about which reasonable jurists could differ. The Court, therefore, declines to issue a certificate of appealability.

The Court must also decide whether Petitioner is entitled to proceed *in forma pauperis* on appeal. The Sixth Circuit has concluded that the various filing-fee requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, but it has not resolved in a published opinion whether those requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997). *Cf.* McGore v. Wrigglesworth, 114 F.3d 601 *passim* (6th Cir. 1997)(instructing courts regarding proper Prison Litigation Reform Act procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), do not apply to habeas cases of any sort or to § 2255 motions. *See* McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997), *cert. denied* Simmonds v. United States, 502 U.S. 840, 112 s. Ct. 129, 116 L. Ed. 2d 97 (1991), *and overruled on*

7

*other grounds by* United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. U.S. Parole Comm'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), *aff'g* Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh v. United States Parole Commission persuasive, and because this conclusion naturally follows from the Sixth Circuit's decision in Kincade v. Sparkman, the Court concludes that the PLRA does not apply to § 2254 or § 2241 petitions.

Pursuant to Kincade, a petitioner must seek leave to proceed *in forma pauperis* from the district court under Fed. R. App. P. 24. Fed. R. App. P. 24(a)(3) provides that a party who was permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* unless the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal *in forma pauperis*. In this case, for the same reasons it denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[1]

---

[1] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).

8

IT IS SO ORDERED this 20th day of December, 2013.

/s J. Daniel Breen
J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE